CENTRAL PASTO VIEJO, INC., Plaintiff and Appellee, *v.* ARTURO APONTE, JR., Defendant and Appellant.

No. 3588. Argued March 9, 1925.—Decided March 11, 1925.

1. APPEAL—EXTENSION OF TIME—CONSENT—STATEMENT OF CASE.—One of the torneys for the appellee having consented to the extensions of time asked for by the appellant for filing the statement of the case, that is, from April 11, 1924, the day on which the transcript of the evidence was received, to January 27, 1925, the appeal should not be dismissed although the court granted other extensions of five and fifteen days respectively on January 27th and February 11th without the acquiescence of the appellee.

MOTION for dismissal of the appeal by the plaintiff-appellee. *Overruled.*

*Arturo Aponte, Jr.,* for the appellant. *Henry G. Molina* for the
appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this case two appeals were taken, one by the plaintiff
corporation and the other by the defendant. The defendant
filed his appeal on January 21, 1923. The plaintiff elected
to have the stenographer prepare a transcript of the evi-
dence, while the defendant prepared himself a statement
of the case and bill of exceptions and asked for several ex-
tensions of time for that purpose, which were granted. On
April 11, 1924, the stenographer delivered the transcript of
the evidence and from that time the defendant was granted,
with the consent of one of the plaintiff's attorneys, other
extensions of time. He was also granted, without such
consent, two extensions—one of five days on January 27,
1925, and another of fifteen days on February 11, 1925.
Before the last extension had expired, or on February 17,
1925, the defendant presented the statement of the case and
the 26th of the same month was set for its approval. This
setting was postponed on motion of the plaintiff and a new
setting made for the 13th of March, 1925. On these facts
the plaintiff moves for the dismissal of the defendant's ap-
peal, alleging that it has not been prosecuted with due dili-
gence or in good faith and that it is frivolous. The appeal
of the defendant is said to be frivolous because it is based
on a conflict in the evidence which the trial court adjusted
in favor of the plaintiff, because, among other reasons,
there was absolutely no written evidence, as is required
by the amount of the alleged contract. The appeal is al-
leged to be frivolous also as regards the defendant's re-
convention, which is another of the grounds of his appeal,
because it appears on the face of the answer to the counter-
complaint that the demurrer to it should be sustained, ref-
erence being made for this pleading to what appears from
the judgment-roll in the plaintiff's other appeal.

[1] All of the extensions of time granted to the defendant for presenting his statement of the case from the time when the stenographer delivered the transcript of the evidence to the time when the statement was presented, except those granted on January 27, 1925, for five days, and on February 11, 1925, for fifteen days, were granted with the consent of one of the plaintiff's attorneys; therefore, the plaintiff can not allege now that they were dilatory, for the last two were for such short periods that we can not say that the lower court abused its discretion in granting them. Consequently, although it is true that the prosecution of this appeal has taken a long time, this court can not hold, considering the appellee's acquiescence in the granting of the extensions, that it has been proved satisfactorily that the appeal has not been prosecuted with due diligence or without good faith, and, therefore, Rule 59 of this court does not apply. If the appellee desired that there should have been no delay in the prosecution of the appeal, it should not have consented to the granting of so many extensions of time to the appellant.

As regards the question of frivolity, we do not find the reasons adduced sufficient to justify the dismissal of the appeal on this ground.

The motion of the appellee must be overruled.